[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re MOTION TO STRIKE (#109)
This lawsuit arises from a school bus accident in which the plaintiff, John Waitkus III, a passenger, allegedly sustained serious injuries when the bus driver lost control, the bus overturned, and the plaintiff along with other passengers was ejected from the bus. John Waitkus, Jr. and Sandra Waitkus are parents of the injured plaintiff and, as well, co-plaintiffs to the action. They in the third count of the complaint seek recovery on a theory of loss of filial consortium. Although the co-plaintiffs also seek recovery on other bases, the parties agree that this court will only consider the defendants' motion to strike the loss of consortium count.
In a November 30, 1995 decision on a similarly founded motion in another action this court wrote as follows:
"[The] court concedes, notwithstanding the weight of authority to the contrary, that there is compelling reason to authorize such relief. Judge Murray expressed it well when he wrote:
 `Allowing this right in behalf of the minor child is. . .compelled by the State's public policy to strengthen the family and to protect children from injury and neglect as codified particularly in Section 17a-101(a) of our statutes. Finally, the evolving recognition of a child's rights under the federal constitution and the increased awareness in the society of a parent's necessary role in the nurturing of the minor child also compels us to find these loss of parental consortium claims legally cognizable.' Henderson v. Micciche, 6 Conn. L. Rptr. 317, 318 (1992); see also Kizina v. Minier, 5 Conn. L. Rptr. 481, 482-83 (1992).
The time may well be ripe to expand the right of recovery in situations which impact the parent-child relationship.
Whether the time for change is upon us, however, it cannot be denied that `[s]tare decisis gives stability and continuity to our case law.' Herald Publishing Co. v. Bill, 142 Conn. 53, 62
CT Page 5325-CCCC (1955). With this in mind and accepting the principle that `a decision of [the Appellate Court] is controlling precedent until overruled or qualified'; Id. 61-62; this court is constrained to reject the plaintiffs' claim." Spiteri v. Obrizzio, Superior Court, Judicial District of New Haven at Meriden, CV95-02494767S.
A right of recovery on the theory the co-plaintiffs espouse remains unrecognized by our appeal courts. On the contrary, it is well recognized that "[t]he purpose of a motion to strike is to `contest. . .the legal sufficiency of the allegations of any complaint. . .to state a claim upon which relief can be granted.'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). This court is not persuaded that sound reason exists to digress from its previously stated position, and, accordingly, the motion to strike the third count of the complaint, insofar as it relates to a claim of loss of filial (sometimes described as parental) consortium, is granted.
Gaffney, J.